## LANBERG v YOUNGSTOWN (city) et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 9, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, and Osborne Mitchell, Youngstown, for plaintiff in error.

Manchester, Ford, Bennett & Powers, Youngstown, and W. E. Stankiewicz, Youngstown, for defendants in error.

**OPINION**

By POLLOCK, J.

We might say further that in the demurrer by the Erie Railroad Company is the following statement:

"It has been stipulated by and between counsel that the plaintiff will admit of record a plat of the streets and intersections as the same existed at the time of the acts complained of in the petition."

That seems to be a side issue. We have no knowledge of that plat, whether the parties intended it to extend to this court or not. It does not appear with the papers, so we only have this petition and must, in order to sustain this demurrer, find there were no allegations of wrong doing in the second amended petition. Wrong doings that the plaintiff claims appear in this petition were urged upon two grounds, that by the closing of this street it would appear that this entrance to this barber shop of plaintiff was placed in a cul de sac, but that does not appear from this petition. The first cause of action says that the defendants did not perform their duty in erecting an overhead bridge. Whether that is enough to sustain a cause of action, we do not determine. Then there is another claim made by the plaintiff, and that is that this improvement was illegally made; that the order authorizing the making of this improvement was made some time in November of 1913, and that that term expired shortly after, and that there were three amendments or changes made in these plans by the court at different times after the term adjourned, covering several years, and another change by the city, but we can not tell from the allegations of the petition whether the elimination was made by the changes made by the city without any order of court or not. There is nothing in the petition but that the improvement was made under one of the above plans, but we cannot determine which. We suppose the pleader intended the court to understand that final entry was made in this action in 1913, and court adjourned shortly after, and some years after there were additional changes made in the plans, that therefore the elimination was not made under any valid order of the court. For that reason the improvement was made without any legal right. We would have to hold that after the first order was made, final order in the case and court adjourned, that there was no way in the future for any change in these plans and specifications as approved by the court to be made. The presumption always remains that the judgment of the court is legal until it affirmatively appears that it is not. It is well known that judgments may be changed afterwards by the same court and after the term has adjourned, and years after, so that we can not say that the changes in the plans and specifications made by the court were illegally made and wrongfully made. Probably the court below was familiar with all that had been done in the grade elimination. The

arguments for both plaintiff and defendant on this demurrer were away beyond any allegations in this petition. This court is not familiar with the facts except as they appear in the petition. Probably the Common Pleas Court knew, but it is well known that a demurrer must be confined to the allegations of the petition, and we can not look even to exhibits, if they are attached to the pleadings, unless they are made a part of the pleading itself by a proper allegation. We have nothing to consider but this petition. In order to sustain this demurrer we must find that the petition contains no allegation of negligence. The petition alleges that there was a contract made that this improvement should be finished within a certain time and the street should only be closed within that time, and that it continued closed much longer, that the closure of the street was permitted by the defendants, and that the defendants were wilfully in disregard of plaintiff's rights in causing and permitting said street to be closed for an unnecessary and unreasonable length of time. So that the petition does not charge negligence against these parties, whatever it may amount to.

Many more things might be discussed, the temporary closing, just when the city would exceed its rights to close its streets and when it affected the business of the property owners along the street. The question had better be left until proper pleadings are here, until we know what the city, as defendant, did do.

The judgment of the court below is reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

FARR and ROBERTS, JJ, concur in the judgment.