Wickham, Armstrong & Thombs, Youngstown, for plaintiff in error.

U. F. Kistler, Youngstown, and Henry Church, Youngstown, for defendants in error.

**CERVONE, Exr v YOUNGSTOWN (city) et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

## OPINION

By ROBERTS, J.

The pertinent objection for consideration is whether or not the plaintiff, under the circumstances and conditions as set forth has shown a cause of action or a right to recover under the law as established in this state from either of the defendants. This construction was made by the County Commissioners and it is said in part upon land owned by the City of Youngstown, and that no title is shown to have been acquired by the County Commissioners to the land which belonged to the city. We do not think this suggestion affects the issue in this action.

We proceed now to a citation and quotations from some decisions applicable to the facts involved in this case. Counsel for the plaintiff cites, in support of his contention, the case of **Lanberg v the City of Youngstown** et (**17 Abs 68**) as decided at the April Term, 1934, of this court. This case presented a different issue from the instant case. It involved a contract which was let for the construction of a viaduct across railroad tracks on Holmes Street, a street extending northerly from West Federal Street and was for the elimination of a grade crossing. Holmes Street was barricaded near the property of Lanberg during this construction, and it is claimed that an unreasonable delay existed in the construction and in violation of the terms of the contract, which interfered with the property of Lanberg and caused to him special and unnecessary damages.

We cite first the case of J. R. Freeman v City of Conneaut, decided by this Court of Appeals in 1931, wherein it was decided by Judge Farr, rendering the opinion:

"There are said to be three classifications of cases relating to this subject in Ohio:

First class relates to cases where property abuts upon a part of a street vacated.

Second relates to a class of cases where by the vacation of a street that which is called 'cul de sac' is formed, or a closed end of a street which necessarily affects property abutting that part of the street at the end of which the cul de sac is formed.

Third class is where the owner of property is affected only by a decrease in traffic by his premises and by the requirement that he travel a greater distance to reach some point which would have been more readily reached had the vacation of the street not occurred.

In the latter class of cases in this jurisdiction a recovery has always been denied."

In this opinion several authorities are cited, to some of which reference will herein be made. Citing now the case of **Kinnear Mfg. Co. v Beatty**, 65 Oh St, 264, the second syllabus reads as follows:

"A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation. To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree."

On page 282 in the opinion it is said:

"The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts that the closing of it up or the impairment of its use as a means of access or the addition of a new burden is a taking of private property for a public use, and cannot be done without compensation."

Citing further from page 283 of this opinion:

"But where the party complaining is not abutting upon the obstructed or vacated portion of a street or way, and has ample means of access to his property by other streets and public ways, a very different case is presented. In such case he is simply one of the general public, suffering an inconvenience common to all, though he may by reason of proximity, suffer a greater inconvenience than others, he is in no way distinguished from them except in degree. To give such individual a right in such cases to be heard, either in a suit for damages or by injunction, he must aver and show that the injury he suffers is different in kind from that of the general public.

This he may do by showing that his easement in the street as a means of access to his property is impaired or destroyed. His easement, however, is limited to the portion of the street on which he abuts or a street which affords him the only means of access to his property. Where his property is not in physical contact with the vacated portion of the street, and he has other reasonable means of access, the individual has no right of action by which he can enjoin the obstruction or recover damages."

In the case of **Jackson v Jackson, 16 Oh St, 163,** the second paragraph of the syllabus reads as follows:

"A claimant for damages in the alteration of a road, is not entitled to recover, where such alteration merely renders the road less convenient for travel, without directly impairing his access to the road from the improvements on his land."

In the case of **Schmidt v City of Cleveland, 1 Oh Ap, 264,** affirmed without opinion in **91 Oh St, 410,** it is said in the syllabus:

"Plaintiff's property is 120 ft. front and abuts upon the east side of 83rd Street in the City of Cleveland; the middle point of his land is 234 feet northerly from the north line of Kinsman Road, which is a main thoroughfare running east and west; Kinsman Road has been obstructed at its intersection of 83rd Street by the erection of a viaduct 16 feet above the grade of 83rd Street and reached from it only by a flight of 31 steps; by going around a block to 82nd Street, which is parallel to and west of 83rd Street, the surface of the viaduct can be reached without climbing steps, but this course is 473 feet long from the middle point in plaintiff's land, doubling the distance to Kinsman Road; this is the extent of the impairment of access from Kinsman Road to plaintiff's premises by the building of said viaduct. Held: Plaintiff is not entitled to damages."

Turning now to **Hall v Railroad Company, 85 Oh St, 148, at page 157** it is said:

"It would therefore seem to be fully settled in Ohio that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property, the owner's rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has

other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages."

In the case of **Anderson v Cleveland, 31 O.C.D., 687,** affirmed without opinion in **79 Oh St, 551,** it is said:

"A property owner on a street or alley, a portion of which other than that on which he abuts is vacated by the City Council, has no right to compensation when he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation."

In the case of **New York, Chicago & St. Louis Rd. Company v Bucsi, 128 Oh St, 134,** reported in Bar Issue of May 21st, 1934, the first paragraph of the syllabus reads:

"Where a duly dedicated and accepted east and west street of a city is vacated by the city some distance from its easterly terminus and completely closed to travel, the owner of property abutting upon such street, but not upon the vacated portion thereof, has no right of action for damages because of such vacation, so long as his access to the city street system to the west is not impaired."

The second paragraph of the syllabus reads:

"Under such circumstances, the abutting property owner's damage, if any, differs in degree but not in kind from that of the general public, and his legal status falls within the category of damnum absque injuria."

In connection with the quotation above made, we cite also **28 Ohio Jurisprudence, §392, at page 619; Worthington v Akron, 18 O.C.A., N.S., 208.**

A distinction is sought to be made by counsel for the plaintiff that these cases hereinbefore quoted from or cited, involved the question of damages resulting from an impairment of the right or ingress to the property in question, and that in this case the plaintiff seeks to recover for damages to his real estate in the lessened value thereof. A reference to **65 Oh St, 264, 16 Oh St, 163 and 164,** will disclose that in these cases the prayer of the petition was for damages to the real estate. This, however, was disregarded and compensable damages recognized only for impaired accessibility to the property to and from the street, as established by the decisions from which quotations have hereinbefore been made. In the facts in the instant case, as

shown by the petition, the opening statement of counsel and as undisputed in this case, any damage which the plaintiff may have sustained was simply that of one of the general public, constituting an inconvenience common to the public and that his case is distinguishable in no way except in degree, that the burden rested upon the plaintiff to show a cause of action, that the injury he suffered is not different in kind from that of the general public, that his easement in the street is limited to the portion of the street on which his property abuts, and his property not being in physical contact with the changed portion of South Avenue or of Front Street, he had no right of action either by way of damages or injunction.

The motion for a directed verdict was directed particularly to the opening statement. It however differs in no important particular from the petition, and considering not only the opening statement, but the petition, and recognizing the well established rule finding and declaring the rights of land owners under similar conditions to those involved in the case at bar, the conclusion is reached that the Common Pleas Court did not err in directing a verdict, and the judgment of that court is therefore affirmed.

Judgment affirmed.

LYNCH and SMITH, JJ, concur in the judgment.